IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS MARTIN                                                                                          PLAINTIFF

vs.                                           Civil No. 1:12-cv-01057

KENNY CRAIG, *et al*                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is separate Defendant, Rodney Phillips' Motion To Dismiss. ECF No. 23. Defendant filed this motion on January 3, 2013. A hearing was held on this matter on March 27, 2013. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, following the hearing and having reviewed the parties arguments and briefing, recommends separate Defendant, Rodney Phillips' Motion To Dismiss (ECF No. 23) be **GRANTED**.

**1. Background**

On June 7, 2012, Plaintiff filed a *pro se* Complaint against Defendant. ECF No. 1. In his Complaint, Plaintiff alleges Defendant Rodney Phillips, in his official capacity as an investigator with the Equal Employment Opportunity Commission, ("EEOC") performed a "non-professional" investigation of Plaintiff's employment discrimination charge against separate Defendant Double C Contractors and that the investigation was designed to exonerate Double C Contractors rather than verify his allegations against Double C Contractors. ECF No. 1, Pg. 4.

On January 3, 2013, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF. No. 23. On March 27, 2013 a hearing was on Defendant's Motion To Dismiss. During this hearing, it became known that Plaintiff did not receive a copy of this

1

motion prior to the hearing. Defendant's counsel acknowledge the motion had been sent to an incorrect address. At the hearing, Plaintiff was informed he would be given ten (10) days to file a response to Defendant's Motion To Dismiss. Also, by Order, Plaintiff was informed he had until April 8, 2013 to file a response. ECF No. 29. Plaintiff has failed to file a response.

### 2. Applicable Law

FED. R. CIV. P. 12(b)(1) permits a party to move for a dismissal based on a court's lack of subject matter jurisdiction to hear the case. Dismissal under Rule 12(b)(1) is appropriate if the issue before the court is whether the Plaintiff has failed to satisfy a threshold jurisdictional requirement. *Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted).

### 3. Discussion

#### A. Sovereign Immunity

The United States retains sovereign immunity from lawsuits unless the government has

consented to suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such a waiver of sovereign immunity must be unequivocal. *See McNabb v. Riley*, 29 F.3d 1303, 1306 (8th Cir.1994) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33(1992)). Additionally, as a federal department, sovereign immunity also extends to Defendant. *Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1977). Likewise, an action against a federal employee in his official capacity is, in effect, an action against the United States to the extent it seeks to impose liability on the United States. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

In the present case, Plaintiff brings suit against Defendant, yet the federal government has not authorized such a suit. Therefore, the doctrine of sovereign immunity bars jurisdiction.

B. Title VII Claim

Defendant also argues Plaintiff's claims must be dismissed because this court lacks subject matter jurisdiction under Title VII of the Civil Rights Act of 1964. Title VII provides courts with three grants of jurisdiction: (1) 42 U.S.C. § 2000e–5(f)(3), granting jurisdiction over actions brought by the EEOC, the Attorney General, and aggrieved employees against non-federal employers; (2) 42 U.S.C. § 2000e–6(b), granting jurisdiction over pattern or practice cases of general importance brought by the Attorney General; and (3) 42 U.S.C. § 2000e–16, granting jurisdiction over suits brought by federal employees against a federal employer. Nothing in Title VII confers jurisdiction over cases brought by an individual against the EEOC as an enforcement agency.

**4. Conclusion**

Based upon the foregoing, this Court recommends that separate Defendant Rodney Phillips' Motion To Dismiss (ECF No. 23) be **GRANTED** and Plaintiff's case against Defendant Rodney Phillips be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in**

which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 15th day of April 2013.

                                                              s/ Barry A. Bryant
                                                              HON. BARRY A. BRYANT
                                                              U. S. MAGISTRATE JUDGE