IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS MARTIN                                                                    PLAINTIFF

vs.                                        Civil No. 1:12-cv-01057

KENNY CRAIG, *et al*                                                             DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is separate Defendants, Double C Construction, Michael Courson, and Kenny

Craig's Second Motion To Dismiss.  ECF No. 40.[1]  Plaintiff filed a response to this motion.  ECF No.

44, 45.  A hearing was held on this matter on November 21, 2013.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court

for the purpose of making a report and recommendation.  This Court, following the hearing and having

reviewed the parties arguments and briefing, recommends separate Defendants, Double C

Construction, Michael Courson, and Kenny Craig's Second Motion To Dismiss (ECF No. 40) be

**GRANTED.**

1. **Background**

On June 7, 2012, Plaintiff filed a *pro se* Complaint against Defendants alleging discrimination

due to his race and retaliation.  ECF No. 1.  Plaintiff's Complaint was filed on a form prepared for

prisoners for filing a complaint pursuant to 42 U.S.C. § 1983.  *Id.*  On October 5, 2012, Defendants

filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure

12(b)(6).  ECF. No. 8.  Plaintiff responded to this motion on November 2, 2012.  ECF No. 14.  On

---

[1]Plaintiff's claims against separate Defendant Rodney Phillips were dismissed by the Court on May 13,
2013.  ECF No. 35.

March 27, 2013, a hearing was on Defendants' Motion To Dismiss.

Following the hearing, the Court determined additional information was needed from Plaintiff to fully set forth his claims, therefore, the Court propounded a questionnaire to Plaintiff and Plaintiff's responses to the questionnaire were to be filed as an addendum to the complaint. ECF No. 31. Based on this need for additional information, Defendants' Motion to Dismiss (ECF No. 8) was denied. ECF No. 34.

On June 25, 2013, Plaintiff responded to the questionnaire and filed the responses as an Addendum to the Complaint. ECF No. 39. On July 15, 2013, Defendants filed a Second Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF. No. 40. Plaintiff filed a response to this motion. ECF No. 45. To ensure Plaintiff's rights have been protected, this Court held a hearing on this motion and has carefully evaluated his claims in this case. ECF No. 49. The Court will consider Plaintiff's statements at the hearing on the Motion to Dismiss as part of his factual allegations in this matter.

## 2. Applicable Law

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). The complaint must have a short and plain statement of the claim showing that the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *Braden v. Wal–Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009).  In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.  *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the *pro se* litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

**3.  Discussion**

In reviewing Plaintiff's pleadings, he alleges discrimination, by disparate treatment, at his work place due to his race and retaliation.  Plaintiff confirmed at the hearing he was only pursuing these two claims against Defendants.  The following discussion included the facts alleged in the complaint and the addendum as well as the statements Plaintiff made at the hearing on November 21, 2013.

To establish a *prima facie* case of racial discrimination based on a disparate treatment theory, Plaintiff must show that he: (1) is in a protected group, (2) was qualified for the position, (3) suffered an adverse employment action and (4) was treated less favorably than a similarly situated employee outside the protected group.  *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004).  "To be similarly situated, the comparable employees must have dealt with the same supervisor, have been subject to

the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Id.* Plaintiff has failed to alleged facts that, if true, sufficiently establish he was treated differently than similarly situated employees.

The only allegation Plaintiff makes which is remotely related to his disparate treatment claim is that all the employees working in Maintenance were white and were making more money than Plaintiff. ECF No. 1, 39. Plaintiff provides no additional details of this alleged disparate treatment. Further, Plaintiff acknowledges he was employed on a Labor crew and not a Maintenance crew. The other allegations indicate Plaintiff was given "worse job duties," "cheated out of hours worked" and "not allowed to take breaks."

Plaintiff has not alleged any white employees, engaged in the same work as Plaintiff, were treated more favorably. Accordingly, Plaintiff has not alleged facts that purport to show that he was treated less favorably than any employees outside his protected class that engaged in the same conduct as Plaintiff without any mitigating or distinguishing circumstances. *Tolen*, 377 F.3d at 882.

Further, the Complaint and Addendum's allegations do not purport to show Plaintiff termination was because of Plaintiff's race. Rather, the facts alleged by Defendant support that Plaintiff's termination was related to his striking his supervisor, Defendant Kenny Craig in head when he was asked to leave the work site. ECF No. 1-9. Plaintiff admitted at the hearing that he struck his supervisor, Defendant Kenny Craig, just prior to his termination.

Finally, while Plaintiff attempts to boost his claims by attaching affidavits, (ECF No. 44) the Court is not at liberty to consider these documents at this time. "When ruling on a motion to dismiss under Rule [ ] 12(b)(6) ..., a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir.2008).

To establish a *prima facie* case of racial discrimination based on a hostile work environment,

Plaintiff must show: (1) that he belongs to a protected group, (2) that he was subjected to unwelcome harassment, (3) that the harassment was based on race, (4) that the harassment affected a term, condition, or privilege of her employment, and (5) that the City knew or should have known of the harassment and failed to take proper remedial action. *Tatum v. City of Berkeley*, 408 F.3d 543, 550 (8th Cir. 2005).

The Supreme Court "implores lower courts to apply the demanding harassment standards to 'filter out complaints attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.''" *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted)). Thus, "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Id. (quoting *Faragher*, 524 U.S. at 788 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998))).

Plaintiff fails to allege any facts to support any racially hostile work environment claim. In fact, Plaintiff acknowledged at the hearing that the "N word" and other racial epithets were not used by any Defendant. The only statements Plaintiff alleges is that he and the Labor crew were called "stupid son-of-a-bitches" and "stupid mother fuckers." ECF No. 39, Pg.2. However, these statements alone do not support a claim of harassment.

To state a *prima facie* case of retaliation, Plaintiff must show: (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 477 (8th Cir.2010); see *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir.2011).

It appears Plaintiff's claims of retaliation are based on (1) actions taken against him on his job

duties, (2) being talked to disrespectfully, (3) being terminated for unjust reason, and (4) having a criminal charge filed against him one month following his complaint being filed with the EEOC. ECF No. 39, Pgs. 4-5.  Assuming the truth of these allegations, Plaintiff still failed to allege facts demonstrating he engaged in protected activity and that there was a causal connection between this "activity" and his termination.  Plaintiff's first three allegations are not protected activity and the fourth, "having a criminal charge filed against him one month following his complaint being filed with the EEOC" happened following his termination.

The Plaintiff's Complaint, the Addendum, and his statements at the hearing in this matter fail to present facts that would allow the court to infer more than the mere possibility of misconduct by the Defendants.  The Plaintiff failed to allege facts, which if proven true, would show he is entitled to relief.  Because the Plaintiff's claims do not draw the reasonable inference the Defendants are liable for the misconduct alleged, his claims lack the facial plausibility to survive dismissal for failure to state a claim upon which relief can be granted.  The court cannot "ignore ... the attendant waste and expense that can be inflicted upon innocent parties by meritless claims." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 597 (8th Cir.2009).

**4. <u>Conclusion</u>**

Based upon the foregoing, this Court recommends that separate Defendants, Double C Construction, Michael Courson, and Kenny Craig's Second Motion To Dismiss (ECF No. 40) be **GRANTED** and Plaintiff's Complaint be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8ᵗʰ Cir. 1990).

   ENTERED this 6th day of February 2014.

              s/  Barry A. Bryant
              HON. BARRY A. BRYANT
              U. S. MAGISTRATE JUDGE