IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS MARTIN                                                                                   PLAINTIFF

vs.                                        Civil No. 1:12-cv-1057

KENNY CRAIG, *et al*                                                                   DEFENDANTS

**<u>ORDER</u>**

Before the Court is the Report and Recommendation filed February 6, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 50). Judge Bryant recommends that Defendants Double C Construction, Michael Courson, and Kenny Craig's Second Motion to Dismiss (ECF No. 50) be granted.[1]  On March 25, 2014, Plaintiff Curtis Martin ("Martin") filed objections to Judge Bryant's Report and Recommendation. (ECF No. 50). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Martin makes four objections to the Report and Recommendation. First, Martin objects to the Report and Recommendation because "the Court [k]nows that there [are] other claims to pursue but yet and still did not appoint [him] an attorney." (ECF No. 53). There is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "*may*" appoint counsel. *See* 28 U.S.C. § 1915(e) (emphasis added). The

---

[1] Judge Bryant filed his Report and Recommendation following the November 21, 2013 hearing on Defendants' Second Motion to Dismiss.

1

relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments.  *Phillips*, 437 F.3d at 794.

Upon consideration of these factors, the Court concludes that an appointment of counsel is not necessary in this case.  As Judge Bryant stated in his Order denying Martin's Motion to Appoint Counsel (ECF No. 7), throughout the proceedings, Martin has clearly articulated his claims and made adequate legal arguments.  Further, the issues in this case are not complex and are considered by federal courts on a regular basis.  (ECF No. 7).  Accordingly, Martin's objection that the Court erred when it denied him counsel is without merit.

Second, Martin objects to Report and Recommendation because he claims it ignores facts that establish a racial discrimination claim against Defendants.  Specifically, Martin alleges the Report and Recommendation ignores his allegation that white employees on the maintenance crew were given easier duties and were never reprimanded.

Martin already made this argument before the Court, and Judge Bryant fully addressed it in his Report and Recommendation.  As Judge Bryant stated, to establish a *prima facie* case for racial discrimination, a Title VII plaintiff must show: (1) that he is a member of a protected class; (2) that he was meeting the employer's legitimate job expectations; (3) that he suffered an adverse employment action; and (4) that similarly situated employees outside the protected class were treated differently.  *Tolen v. Ashcroft*, 377 F.3d 878, 882 (8th Cir. 2004).  "To be similarly situated, the comparable employees must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances."  *Id.* (quotations omitted).  In this case, Martin worked on the labor crew, not the

maintenance crew.  Thus, Martin was not similarly situated to the men on the maintenance crew.  Accordingly, as Judge Bryant concluded, Martin's allegations regarding the white employees on the maintenance crew do not establish a racial discrimination claim under Title VII.

Third, Martin objects because he claims the Report and Recommendation misconstrues his statement regarding Defendant Craig he made at the hearing on Defendants' Motion to Dismiss.[2]  In the Report and Recommendation, Judge Bryant concluded that Martin's claim for termination based on racial discrimination failed because Martin admitted at the hearing that he "struck his supervisor . . . just prior to his termination."  (ECF No. 50).  Thus, Judge Bryant concluded, the battery was the reason for termination, not race.  In his objections, Martin claims that he hit his supervisor after he was terminated.

The Court concludes that the time at which Martin struck his supervisor is immaterial.  In his Addendum, Martin admits that Defendant Craig "told [him] to remove his lock and go home" because Martin completed work for the "supervisor from G.P." rather than completing a task Defendant Craig previously asked him to do.  (ECF No. 39).  After Defendant Craig asked Martin to go home, Martin admits he then struck Defendant Craig.  Martin's allegations establish that Martin was terminated for disobeying instructions, not race.  Accordingly, Martin's assertion that Judge Bryant incorrectly reported the timing of the battery is immaterial to Martin's Title VII claims.

Finally, Martin objects because Judge Bryant declined to consider his affidavits.  However, as Jude Bryant stated, "[w]hen ruling on a motion dismiss under Rule 12(b)(6)[], a district court generally may not consider materials outside the pleadings.  *Noble Sys. Corp. v.*

---

[2] Judge Bryant held two hearings for Martin's case on March 27, 2013, and on November 21, 2013.  Martin does not specify at which hearing he made this statement concerning the incident with Defendant Craig.

*Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).  Accordingly, Judge Bryant properly declined to consider the affidavits.

For the reasons set forth above, the Court overrules Martin's objections and adopts Judge Bryant's Report and Recommendation.  (ECF No. 50).  Accordingly, Defendants' Second Motion to Dismiss (ECF No. 40) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.[3]

**IT IS SO ORDERED**, this 26th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] Martin's claims against separate Defendant Rodney Phillips were dismissed on May 3, 2013. (ECF No. 35).

4